UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN DOBROWSKI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, and DOES 1-10,<br><br>　　　　Defendants. | No.  2:11-cv-02835 JAM-CKD<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS IN PART AND DENYING IN PART** |

　　　This matter is before the Court on Defendant United States of America's ("the United States") Motion to Dismiss for Lack of Jurisdiction or Motion for Summary Judgment (Doc. #20). Plaintiff Justin Dobrowski ("Plaintiff") opposes the motion (Doc. #21) and the United States replied (Doc. #28).[1]  For the following reasons, the United States' motion is GRANTED in part and DENIED in part.

　　　I.　FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

　　　Plaintiff filed this action on October 25, 2011 (Doc. #1)

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 11, 2013.

1

1  against the United States of America acting through the United
2  States Marshals Service ("USMS") (Doc. #11).  On March 20, 2013,
3  pursuant to a stipulation and order, the USMS was dismissed as a
4  defendant (Doc. #16).  In the First Amended Complaint ("FAC"),
5  the operative complaint, Plaintiff alleges one cause of action
6  against the United States for negligence under the Federal Tort
7  Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  FAC ¶¶ 20-24.  On
8  August 14, 2013, the United States moved to dismiss Plaintiff's
9  FAC for lack of subject matter jurisdiction and/or moved for
10 summary judgment.

11     Plaintiff's claim arises from personal injuries he
12 allegedly sustained when he was transported by the USMS in a
13 passenger van.  FAC ¶¶ 16-17.  On March 19, 2010, the USMS
14 transported Plaintiff, a federal prisoner, from the Sacramento
15 County Jail to the Robert T. Matsui United States Courthouse.
16 Declaration of Deputy U.S. Marshal Sara Sloan ("Sloan Decl."),
17 Doc. #20-3, at ¶ 3.  Deputy U.S. Marshal Sara Sloan ("Deputy
18 Sloan") with the assistance of District Security Officer Joseph
19 Ramirez operated the passenger van.  Id. ¶ 4.  The passenger van
20 was not equipped with seat belts for prisoner passengers.
21 Declaration of Albert Najera ("Najera Decl."), Doc. #20-2, at ¶
22 10.

23     Parties disagree as to what occurred in the secured garage
24 located in the back of the Courthouse.  According to Plaintiff,
25 Deputy Sloan backed up the van suddenly and crashed into a bus.
26 Declaration of Justin Dobrowski ("Dowbrowski"), Doc. #22, at
27 ¶ 3.  He then allegedly complained about the injuries he
28 sustained during the impact, but the two Marshals laughed at

2

him.  Id. ¶ 4.  According to Deputy Sloan, the van's driver-side rear bumper locked with the passenger-side front bumper of the county bus while driving at a slow speed.  Sloan Decl. ¶ 17-18; Supplemental Sloan Decl., Doc. #23-1, at ¶ 7.  The USMS has no record of any prisoner reporting any injury as a result of this incident. Najera Decl. ¶ 11.

On October 4, 2010, the USMS received a Claim for Damage, Injury or Death ("Administrative Claim") from Plaintiff. Administrative Claim, Ex. A attached to Declaration of Gerald M. Auerbach ("Auerbach Decl."), Doc. #20-4, at 1.  The USMS denied Plaintiff's Administrative Claim on April 26, 2011. Id. ¶ 7.

## II.   OPINION

### A.   Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") when a district court lacks subject matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1).  When a defendant brings a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff has the burden of establishing subject matter jurisdiction.  See Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d 1095, 1102, n.1 (9th Cir. 2007) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.").  There are two permissible jurisdictional attacks under Rule 12(b)(1): a facial attack, where the court's inquiry is limited to the allegations in the complaint; or a factual attack, which permits the court to look beyond the complaint at affidavits or other evidence.  Savage v. Glendale

1  Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).
2      If the moving party asserts a facial challenge, the court
3  must assume that the factual allegations asserted in the
4  complaint are true and must construe those allegations in the
5  light most favorable to the plaintiff.  Li v. Chertoff, 482 F.
6  Supp. 2d 1172, 1175 (S.D. Cal. 2007) (citing United States v.
7  One 1997 Mercedes E420, 175 F.3d 1129, 1130-31 & n.1 (9th Cir.
8  1999) and Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136,
9  1139 (9th Cir. 2003)).  If the moving party asserts a factual
10 attack, the court "is free to hear evidence regarding
11 jurisdiction and to rule on that issue prior to trial, resolving
12 factual disputes where necessary."  Id. (citing Safe Air for
13 Everyone v. Meyer, 373 F.3d 1035, 1039).
14     In resolving a factual attack, district courts "may review
15 evidence beyond the complaint without converting the motion to
16 dismiss into a motion for summary judgment."  Safe Air for
17 Everyone, 373 F.3d at 1039 (citing Savage, 343 F.3d at 1039 n.2).
18 Courts consequently need not presume the truthfulness of
19 plaintiff's allegations.  Id.  (citing White v. Lee, 227 F.3d
20 1214, 1242 (9th Cir. 2000)).  "Once the moving party has
21 converted a motion to dismiss into a factual motion by presenting
22 affidavits or other evidence properly before the court, the party
23 opposing the motion must furnish affidavits or other evidence
24 necessary to satisfy its burden of establishing subject matter
25 jurisdiction."  Id. (quoting Savage, 343 F.3d at 1039 n.2).
26     However, "jurisdictional finding of genuinely disputed facts
27 is inappropriate when the jurisdictional issue and the
28 substantive issues are so intertwined that the question of

4

jurisdiction is dependent on the resolution of factual issues going to the merits of an action." Safe Air for Everyone, 373 F.3d at 1039 (internal citations and quotations omitted). Jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Id. (internal citations and quotations omitted).

    B.   Discussion

        1.   Factual Attack of Subject Matter Jurisdiction

As a preliminary issue, the Court treats the pending Motion as a Rule 12(b)(1) motion to dismiss and not a motion for summary judgment because as noted above, under a factual attack of subject matter jurisdiction, a district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Savage, 343 F.3d at 1039.

        2.   Federal Tort Claims Act Discretionary Function

The United States argues that the Court lacks subject matter jurisdiction to hear Plaintiff's claim because the decision to use safety belts during inmate transport falls under the FTCA discretionary function exception. Plaintiff does not disagree, but contends that he is "only citing the lack of a seat belt as factor in his injury and not the cause of his injury." Opp. at 2.

The United States "is immune from suit save as it consents to be sued," and "the terms of its consent to be sued in any court define that court's jurisdiction." United States v.

5

Sherwood, 312 U.S. 584, 586 (1941).  Absent a statutory waiver of sovereign immunity, an action against the United States must be dismissed.  Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990).

The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment.  See Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). Under the FTCA, the United States may be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  This waiver is limited by various exceptions, including the discretionary function exception, which provides immunity from suit for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  See 28 U.S.C. § 2680(a).  Several courts have held that the decision not to secure inmates with safety belts during transport is the type of policy choice shielded by the discretionary function exception of the FTCA.  See Vinzant v. United States, 2:06-CV-10561, 2010 WL 1857277, at *1-2 (E.D. La. May 7, 2010) aff'd, 458 F. App'x 329 (5th Cir. 2012); Vinson v. U.S. Marshals Serv., CA 0:10-79-RMG, 2011 WL 3903199, at *3 (D.S.C. Sept. 2, 2011) aff'd, 459 F. App'x 221 (4th Cir. 2011); MacCaffray v. United States, No. 2:97-CV-403, 1998 WL 560047, at *2-3 (D.Vt. Aug.27, 1998).

Plaintiff does not seem to disagree that the USMS made a

policy decision to exclude seat belts.  See Opp. at 4; Reply at 3.  However, Plaintiff argues that the alleged basis for liability is not the lack of a seat belt, but "(1) the selection of a gear before stepping on the gas and backing up without care, and (2) deciding to waive seeking medical attention for the passengers . . . ."  Opp. at 2-3; see Opp. at 5 (stating that Plaintiff is not bringing this case for failure to use a seat belt but for negligent driving).  In addition, Plaintiff states, "If there is a continuing issue regarding the seat belt reference, plaintiff will request to strike that limiting language from his Amended Complaint . . . ."  Opp. at 5.

    Plaintiff relies on MacCaffray v. United States, 2:97-CV-403, 1998 WL 560047, at *3-5 (D. Vt. Aug. 27, 1998), for the proposition that if a court dismisses a claim for lack of jurisdiction, the case may proceed on the other claims.  The United States argues that MacCaffray is distinguishable because in that case, the plaintiff also had a Bivens claim, which Plaintiff here has not alleged.  Although MacCaffray is distinguishable because Plaintiff has no other claim, the Court finds Vinzant v. United States, cited by the United States, illustrative of Plaintiff's argument.  In Vinzant, the plaintiff prisoner claimed that the defendants were negligent under the FTCA because they failed to secure the prisoners with a seat belt and they operated the transport vans recklessly.  Vinzant v. United States, 2:06-CV-10561, 2010 WL 1857277, at *1-2 (E.D. La. May 7, 2010) aff'd, 458 F. App'x 329 (5th Cir. 2012).  The court held that the government's motion to dismiss the plaintiff's "claim regarding the marshals' failure to secure him

7

1  with a safety belt will be GRANTED.  The other alleged bases of
2  liability under the FTCA suggested by [the plaintiff] in his
3  complaint remain viable."  Id. at *6.  Here, like in Vinzant,
4  Plaintiff has provided other bases of liability under the FTCA
5  in the FAC: negligent driving and waiving medical treatment.
6  See FAC ¶ 22.
7      Accordingly, to the extent that Plaintiff's negligence
8  claim is based on the failure to secure him with a safety belt,
9  Defendant's motion is granted.  The Court does not grant leave
10 to amend because the claim is not legally cognizable.  However,
11 the other alleged bases of liability under the FTCA suggested by
12 Plaintiff remain viable.
13          3.   Exhaustion of Administrative Remedies
14     The United States also argues that the Court lacks subject
15 matter jurisdiction because Plaintiff failed to set forth a sum
16 certain in his administrative claim.  In the alternative, the
17 United States argues the claim should be limited to $19,300 and
18 the other language in the claim should be treated as surplusage.
19 Plaintiff argues that he did state a sum certain because he
20 provided a formula to calculate the sum.
21     To effectuate a proper claim pursuant to the FTCA, the
22 claimant is required to state a sum certain. Caidin v. United
23 States, 564 F.2d 284, 287 (9th Cir. 1977).  "Since the purpose of
24 the administrative claim is to facilitate settlement of these
25 disputes, a specific dollar amount is necessary to allow
26 realistic assessment of the settlement value of a case."  Id.
27 Failure to include a sum certain results in the case being
28 treated "as if no administrative claim had ever been filed."  Id.

8

1  Both parties cite decisions from other circuits and other
2  district courts.  Of these cases, the Court finds <u>Industrial</u>
3  <u>Indemnity Co. v. United States</u>, 504 F. Supp. 394, 397 (E.D. Cal.
4  1980), and <u>Cuddy v. United States</u>, 490 F. Supp. 390, 392 (D.
5  Mont. 1980), to be on point and persuasive.  In <u>Industrial</u>
6  <u>Indemnity</u>, the plaintiff qualified his personal injury entry of
7  $560.00 with an asterisk, which stated that his compensation
8  benefits were continuing.  504 F. Supp. at 396.  The court found
9  that the administrative claim was valid, stating, "The plaintiff
10 did in fact specify a sum certain in the claim, and the insertion
11 of additional language by reason of the use of the asterisk will
12 be treated as mere surplusage."  <u>Id.</u> at 397.  Similarly, in
13 <u>Cuddy</u>, the plaintiff attached a letter that itemized his claim
14 for his destroyed Caterpillar tractor, stating, "Total claim
15 $36,253.00 plus $200.00 per day, 5 days per week until such time
16 as cat is replaced or paid for."  <u>Cuddy</u>, 490 F. Supp. at 391.
17 The court held that although the loss of use during the period
18 reasonably required to replace property is recoverable, the
19 plaintiff failed to express this period as a "sum certain" in his
20 administrative claim and therefore, the court limited the amount
21 of the award to $36,253.00.  <u>Id.</u> at 392-393.
22     Here, in Plaintiff's Administrative Claim under "Personal
23 Injury," Plaintiff states, "For pain and suffering $100.00 per
24 diem from 3-19-10 to time the pain stops??"  Administrative
25 Claim, Ex. A attached to Auerbach Decl., at 1.  Under "Total," he
26 states, "$100.00 per diem from 3-19-2010 to filing date only
27 $19,300.00 and continuing till pain stops!" and $19,300.00 is
28 circled.  <u>Id.</u>  Therefore, like the plaintiffs in <u>Industrial</u>

9

1   Indemnity and Cuddy, Plaintiff's claim does contain a specific
2   dollar amount, $19,300.00.  However, the claim for $100.00 per
3   diem until the pain stops lacks any certainty because, as the
4   United States argues, it is unclear when Plaintiff's pain stopped
5   or will stop.  Plaintiff suggests that his per diem formula
6   should be treated differently than the formula in Cuddy because
7   an estimate generally for property damage can be achieved within
8   the required statutory period.  Opp. at 9.  However, medical
9   expenses are subject to the same sum certain requirements as
10  property damage.  See e.g., Blair v. I.R.S., 304 F.3d 861, 866
11  (9th Cir. 2002) (holding that the plaintiff's amount for wage
12  loss was definite, but his statement about medical expenses,
13  which stated that medical expenses were still being incurred, was
14  not a definite statement, and therefore, it was treated as
15  surplusage).  Therefore, the Court finds that Plaintiff specified
16  a sum certain of $19,300.00 and the additional language is
17  surplusage.
18       Accordingly, Plaintiff's negligence claim against the United
19  States is limited to $19,300.00.
20
21                            III. ORDER
22       For the reasons set forth above, the Court GRANTS the United
23  States' Motion to Dismiss for Lack Of Subject Matter Jurisdiction
24  in part and DENIES in part.  Plaintiff's negligence claim
25  proceeds on the other two basis of liability under the FTCA and
26  is capped at $19,300.00.
27       IT IS SO ORDERED.
28  Dated: November 6, 2013
                                    _____
                                    JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE